IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-09-277-D |
| | ) | |
| SCOTT EDWARD ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Suppress Evidence [Doc. No. 21], which the government has timely opposed. A hearing was held on November 23, 2009, at which the defendant, Scott Edward Allen, appeared with appointed counsel, Assistant Federal Public Defender William P. Earley, and the government appeared through Assistant United States Attorney André B. Caldwell. The Court admitted Defendant's exhibits 1-3 and the government's exhibits 1-3, and heard testimony of Sergeant Jerry Hall of the Ponca City Police Department. Upon consideration of the Motion, the evidence presented, and the arguments of counsel, the Court rules as follows.

Mr. Allen seeks to suppress all evidence obtained by Ponca City police officers in executing a search warrant at his residence. He challenges the validity of the search warrant under *Franks v. Delaware*, 438 U.S. 154 (1978), and, alternatively, seeks blanket suppression of all evidence seized by the executing officers based on their alleged departure from the scope of the warrant. "A defendant challenging a search pursuant to a warrant has the burden of proof." *United States v. Harrison*, 566 F.3d 1254, 1256 (10th Cir. 2009).

    **1.**    **Validity of the Search Warrant**

To satisfy *Franks*, Defendant must show the affidavit contains false statements, that were made deliberately or with reckless disregard for the truth, and that were necessary to a finding of probable cause. *See United States v. Williams*, 576 F.3d 1149, 1160 (10th Cir. 2009). Stated another way, the Court may invalidate the search warrant and suppress the evidence only if the Court "(1) finds that the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant and (2) concludes, after excising such false statements and considering such material omissions, that the corrected affidavit does not support a finding of probable cause." *United States v. Garcia-Zambrano*, 530 F.3d 1249, 1254 (10th Cir. 2008).

Mr. Allen challenges the following statements in the Affidavit executed by Sgt. Jerry Hall:

1. At the time of the call [approximately 2:00 a.m. on July 22, 2009] Ponca City Officers witnessed Scott E. Allen holding a shotgun while standing on the front porch.

2. When Officers arrived Mr. Allen came out on the porch wielding a shotgun.

3. Earlier during the evening several calls were received concerning Mr. Allen yelling, throwing fireworks from his residence and acting belligerent and erratic.

4. When Officers announced their presence Mr. Allen went back into his residence.

5. At approximately 8:00 a.m. Mr. Allen verbally threatened to shoot his neighbor[']s house windows.

6. Mr. Allen then proceeded to the neighbor's house and physically assaulted him causing injury.

7. [I]t was discovered that Scott Edward Allen has two felony convictions. Also Mr. Allen has a confirmed valid misdemeanor warrant from the Kay County District Court . . . .

*See* Motion at 2-3, ¶ 5; *see also* Def.'s Hr'g Ex. 1.

2

The Warrant authorized a search for evidence of a crime of unlawful possession of a firearm after former conviction of a felony at Defendant's residence in Ponca City, Oklahoma, and described the property to be seized as firearms/weapons and ammunition "to include any equipment or ammunition and any records that reflect dominion and control." *See* Motion, Ex. 1 [Doc. 21-2]. Statements in the Affidavit that police officers saw Mr. Allen on the front porch of a house carrying a shotgun and that he had prior felony convictions are sufficient to establish probable cause for the alleged offense. Statements that the house was Mr. Allen's residence and that he had retreated into the house with the gun established probable cause to believe that evidence of the offense would be found in the house. These statements stand uncontradicted by the hearing evidence and, standing alone, are sufficient to support the issuance of the Warrant. Further, the Court finds Defendant has failed to establish the falsity of any statement necessary to a finding of probable cause.

Regarding statements #1 and #2, Defendant challenges only the sequence of events in which he was allegedly sighted with a shotgun, arguing that "Mr. Allen was either on the porch when the officers arrived, or he was not." *See* Motion at 2, ¶ 5(a). Defendant presented evidence at the hearing to show that, according to the police officers' written statements, they sighted him on the porch with a weapon only after observing his house for a period of time, and thus, the suggestion in the Affidavit that he was on the porch with a gun when they arrived is incorrect. However, the Court finds the time at which officers saw Mr. Allen with a shotgun – either 2:00 a.m. or 3:00 a.m. – is immaterial to the finding of probable cause.

Further, Sgt. Hall testified that he relied on information provided to him by Captain Earl Watkins and that the written statements on which Defendant relied at the hearing were not available when the Affidavit was prepared. The Court recognizes that "the government is held accountable 'for statements made not only by the affiant but also for statements made by other government

3

employees which were deliberately or recklessly false or misleading insofar as such statements were relied upon by the affiant in making the affidavit.'" *Garcia-Zambrano*, 530 F.3d at 1258 n.6 (quoting *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997)). However, the Court finds no basis in the record to conclude that any misstatement by Sgt. Hall or any misstatement made to him by Capt. Watkins was deliberately or recklessly made.

Regarding statement #4, Mr. Allen questions only whether the officers announced their presence or "simply yelled 'drop the gun.'" *See* Motion at 2, ¶ 5(c). At the hearing, Defendant presented a narrative statement from Officer Miles supporting the latter version. *See* Def.'s Hrg Ex. 3. However, the same exhibit contains a statement of Officer Jacobs that he identified himself as a police office. *See id.* Nevertheless, this question is immaterial to, or even reinforces, the finding of probable cause. Regardless of how the police officers responded, they undoubtedly saw Mr. Allen holding a gun.

Regarding statements #3, #5 and #6, Mr. Allen appears to deny the occurrence of the described events (erratic behavior, a verbal threat, and an assault of a neighbor), but he has presented no evidence to undermine the truth of the police officers' and neighbor's statements about them. To the contrary, Defendant relied on these statements at the hearing and simply pointed out that the neighbor's statement indicates the verbal threat to shoot windows occurred in the early morning hours (closer to the 2:00 a.m. police call) rather than at 8:00 a.m. as stated in the Affidavit. The Court finds that timing of the threat is unnecessary to a finding of probable cause. On the record presented, there is no reason to believe that a shotgun wielded at 2:00 or 3:00 a.m. was not still in the house at the time of further threats and a physical assault at 8:00 or 9:00 a.m. The Court further finds no evidence that any misstatement concerning the time of the verbal threat was deliberately or recklessly made by Sgt. Hall or Capt. Watkins.

Finally, regarding statement #7, it appears Mr. Allen only questions the statement regarding his outstanding warrant, stating "there were several warrants for his arrest, some of which were for felony offense[s], not just a misdemeanor warrant." *Id* at 3, ¶ 5(d). The record contains no evidence on this issue other than Sgt. Hall's testimony at the hearing that Mr. Allen's criminal record includes felony convictions.

For these reasons, the Court finds Defendant has not demonstrated the falsity of any material statement in the Affidavit. Further, accepting Defendant's hearing evidence as true, the corrected affidavit fully supports a finding of probable cause for the Warrant. Therefore, Defendant has not established a basis to invalidate the Warrant or to suppress evidence that was authorized to be seized.

### 2. Execution of the Search Warrant

Alternatively, Mr. Allen seeks the blanket suppression of all seized evidence based on a claim that the officers executing the Warrant grossly exceeded its scope and seized unauthorized property. He relies on the fact that the Officer's Return lists 36 items, less than ten of which constitute guns, ammunition, or documents showing Mr. Allen's dominion and control of the property. *See* Motion, Ex. 3 [Doc. No. 21-4]; Govt's Ex. 3.

An examination of the Return reveals that many other seized items are contraband, such as marijuana and drug paraphernalia. Based on the hearing evidence, the Court finds these items fall within the plain view doctrine and were be properly seized because: "(1) the officer was lawfully in a position from which to view the object seized in plain view; (2) the object's incriminating character was immediately apparent – i.e. the officer had probable cause to believe the object was contraband or evidence of a crime; and (3) the officer had a lawful right of access to the object itself." *United States v. Soussi*, 29 F.3d 565, 570 (10th Cir. 1994); *see also Harman v. Pollock*,

No. 08-4068, 2009 WL 3838277 (10th Cir. Nov. 18, 2009) (to be published). Sgt. Hall testified credibly that a search for guns and ammunition required a search of the whole house, that is, anywhere and everywhere in which such items could be found, including closets, drawers, and containers. Given Sgt. Hall's training and experience in drug interdiction, the incriminating nature of the drug-related evidence was readily apparent to him. The Court further finds Sgt. Hall fully explained a proper basis for seizing other items that the officers reasonably believed to be incriminating evidence of a crime, such as two police scanners probably operated in violation of state law (*see* Okla. Stat. tit. 21, § 1214) and lists of "10 codes" likely used while listening to a scanner. Sgt. Hall also provided a reasonable explanation for seizing notebooks, photo logs, and disposable cameras that appeared to be evidence of a threat to officer safety. Only a few items listed in the Return appear to be unrelated to the Warrant or to lack a proper basis for seizure.

The general rule is that if evidence is illegally seized, "only the improperly seized evidence, not all of the evidence, must be suppressed, unless there was a flagrant disregard for the terms of the warrant." *United States v. Hargus*, 128 F.3d 1358, 1363 (10th Cir. 1997) (internal quotation omitted). "This is particularly true when the non-specified items are not admitted into evidence against the defendant." *Id*. Here, the government disclaims any intention of using any non-specified items to prove the criminal charge in the Indictment of being a felon in possession of firearms.

Thus, the question presented is whether "the unusual remedy of blanket suppression" of seized evidence should be applied because the police officers executing an otherwise valid warrant grossly exceeded its scope or exhibited "flagrant disregard" for its terms. *See United States v. Le*, 173 F.3d 1258, 1269 (10th Cir. 1999). The Tenth Circuit has resorted to this remedy only in "rare cases," such as where a large number of unauthorized items was seized or the officers employed a

method of simply taking "anything of value in the house." *Id*. at 1270 (discussing *United States v. Medlin*.842 F.2d 1194 (10th Cir. 1988), and *United States v. Foster*, 100 F.3d 846 (10th Cir. 1996)).

The Court finds in this case no basis for invoking the remedy of blanket suppression. "The officers' conduct in executing a search warrant is governed by the Fourth Amendment's mandate of reasonableness." *Hargus*, 128 F.3d at 1363. The Court finds that the officers acted reasonably in seizing evidence and, with minor exceptions, carefully adhered to the Warrant. In short, Defendant has not shown that the executing officers grossly exceeded or flagrantly disregarded the terms of the Warrant. Therefore, no suppression of evidence is warranted.

IT IS THEREFORE ORDERED that Defendant's Motion to Suppress Evidence [Doc. No. 21] is DENIED.

IT IS SO ORDERED this 30th day of November, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE